Judge Owslev
delivered the opinion of the court.
In 1786 the ancestor Of the appellees, by a deed duly-executed, and containing a description of the boundary, al-ledgéd to contain 185 acres, conveyed to the appellant 0 tract of land in the county of Fayette.
In Í8I4, many years after the death of their ancestor, the appellees, discovering that, instead of 185 acres, the tract contains 215 acres, exhibited their bill in equity, al-ledging the sale to have been made by the acre, and not irt gross, and asking a decree for the surplus above 185 acres^ which they charge to have been included in the conveyance by mistake of the parties and surveyor.
On a final hearing, the court being of opinion the heirs were entitled to relief, pronounced a decree against Whaley for the surplus.
From that decree Whaley appealed to this court.
. At a former term, this court, supposing the sale to Wha- ■ ley not to have been of the tract in gross, but by the acre, gave an opinion affirming the decree of the court below.— A rehearing was then applied for by the counsel of Whaley, and granted by the court, and it becomes necessary now to- *619 review the grounds upon which relief is sought by the heirs of Elliot.
It will be perceived that the only ground upon which the heirs can have had any plausable pretext to assert a claim, 1 is that of the sale by their ancestor having been by the acre; but from a scrupulous and attentive examination of the exhibits and evidence in the cause, we are thoroughly convinced, that the sale was of the tract in gross.
There is no evidence conducing to prove that Elliot, at the time of the sale, was the owner of other lands than that contained in the deed. The land conveyed, it is true, is described by the deed to be a part of. a settlement and pre-emption called and known by the name of Gillaspie’s settlement and pre-emption; but that settlement and preemption is not proven, and in the absence of proof it is not to be presumed to have belonged to Elliot.
In the absence of proof of Elliot having more landj therefore, we must, in the present case, assume the fact, that he was the proprietor of no other part of Gillaspie’s settlement and pre-emption than that contained within the boundary described in the deed of conveyance to Whaley* And owning but that much, it is most rational to suppose, that when desirous of selling, he would not be inclined, out of a tract of 215 acres, to sell 185 acres only.
And that he was not so disposed, but did actually sel] thfr whole tract, is the more conclusively evinced by the circumstance of Elliot, after the sale, having caused a survey of the entire tract, and executed, in accordance to that survey, the deed of conveyance to Whaley, The survey and deed, it is true, describes the tract as containing 185 acres; but as neither Eíüot or Whaley is proven to have known or even put an estimate upon the quantity of acres contained in the tract, and especially as the purchase appeays to have been made, possession taken, and the consideration money paid, anterior !q the making of the survey, it is not to be presumed, from the description of quantity contained in the survey and deed, that in making the contract of sale the parties were influenced in the price by the apprehension of the tract containing but 185 acre». And that they were not so influenced, and could not have made their estimate by the acre, is the more obvious from the circumstance, that one hundred pounds, the price given for the land, cannot be produced by estimating tbe acre according to any known denomination of coin: as for example, to construe the sale *620 to Lave been made by the acre, in order to produce the sum ^100? we lnust unc*er tlle necessity of supposing, ^ what is extremely improbable, that the price agreed on by* the parties, was 10s. 9d,⅛ of a farthing, per acre. We are not, however-, left to conjecture, from these circumstances alone, whether the sale was for the tract in gross, or by the acre, but the presumption in favor of a sale in gross, is greatly heightened by the testimony of Carter, by whom the purchase money is proven to have been paid. He {)roves the settlement of Whaley upon the land, and the ac-knowledgement of Elliot before the survey was made, of his having sold the land; and although he does not, in express tera)s, say’whether Elliot acknowledged the sale to have been made of the tract in gross, from the phraseology of his deposition, it is obvious he intended to be so understood.
Assuming, therefore, that the sale was made of the iract in gross, it follows that the heirs of Elliot have shewn no just cause for resorting to the chancellor for relief, and consequently without deciding what would have been the appropriate relief had tire sale been by the acre, the former opinion of this court must be set aside, and the decree of the court below reversed with cost, and (lie cause remanded to that court, and the bill dismissed with cost.